IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS, INDIANA

| | |
|---|---|
| HARRY MOON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:20-cv-2769 |
| | ) |
| COOPER'S HAWK, LLC | ) |
| | ) |
| Defendant, | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of his Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

**JURISDICTION**

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991; 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice of right to sue on August 8, 2020.

**PARTIES**

3. Plaintiff is an African-American male and at all relevant times he resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

## FACTS

5. Plaintiff began working for the Defendant in May 2019.

6. Plaintiff performed his job well.

7. After Plaintiff began working at Defendant he informed management that the staff refused to train him and that co-workers (Caucasian) shoved and pushed him. Management did nothing.

8. In July 2019, a Caucasian male cook called Plaintiff a "nigga" and attempted to fight him. Plaintiff informed management that the Caucasian cook called him a "nigga". Management did nothing.

9. In July 2019, the Caucasian male called Plaintiff a "bitch" and again called him a "nigga" several times. Plaintiff told the Caucasian male if he continues to call him a "nigga" it would be a problem. In addition, the Caucasian male told Plaintiff that "if he act like a nigga and a bitch he was going to treat him like one."

10. Management was present when the Caucasian male called Plaintiff a "bitch" and a "nigga" several times. Management told both the Caucasian employee and Plaintiff to go home.

11. The next day Plaintiff contacted his manager and asked if he could come in early to make up his hours. Management informed Plaintiff that he was being suspended.

12. On July 30, 2019, Plaintiff asked to speak to the general manager ("GM"). The meeting included Plaintiff, the Defendant's GM and Plaintiff's mother-in-law.

13. Plaintiff's mother-in-law and Plaintiff informed Defendant's general manager that he was being treated differently, that he was called a "nigga" and a "bitch". Defendant's GM did nothing.

14. In addition, Plaintiff spoke to HR about the incident and HR did nothing.

15. The next day Plaintiff was terminated for allegedly violating Defendant's zero tolerance policy. However, the Caucasian male called Plaintiff a "nigga" on several occasions, called Plaintiff a "bitch" and attempted to fight Plaintiff, however, he was not terminated.

16. Similarly situated Caucasian employee engaged in conduct of comparable seriousness, but they were not been terminated.

17. Plaintiff was terminated due to his race.

18. Plaintiff was subjected to racial harassment.

19. Plaintiff was subjected to a hostile work environment.

20. Plaintiff was terminated because he engaged in protected activity.

## COUNT I

21. Plaintiff incorporates by reference paragraphs 1-20.

22. Defendant, as a result of terminating Plaintiff due to his race, violated 42 U.S.C. § 1981.

## COUNT II

23. Plaintiff incorporates by reference paragraphs 1-20.

24. Defendant, as a result of terminating Plaintiff due to his race, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT III

25. Plaintiff incorporates by reference paragraphs 1-20.

26. Defendant subjected Plaintiff to racial harassment in violation Title VII 42 U.S.C. § 2000 et al.

## COUNT IV

27. Plaintiff incorporates by reference paragraphs 1-20.

28. Defendant subjected Plaintiff to racial harassment in violation of 42 U.S.C. § 1981.

## COUNT V

29. Plaintiff incorporates by reference paragraphs 1-20.

30. Defendant subjected Plaintiff to a hostile work environment in violation of Title VII 42 U.S.C. § 2000 et al.

## COUNT VI

31. Plaintiff incorporates by reference paragraphs 1-20.

32. Defendant subjected Plaintiff to a hostile work environment in violation of 42 U.S.C. § 1981.

## COUNT VII

33. Plaintiff incorporates by reference paragraphs 1-20.

34. Defendant, as a result of terminating Plaintiff due to him engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT VIII

35. Plaintiff incorporates by reference paragraphs 1-20.

36. Defendant, as a result of terminating Plaintiff due to him engaging in protected activity, violated 42 U.S.C. § 1981.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

    A.  Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff her cost in this action and reasonable attorney fees;

E. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd #31235-49
Attorney for Plaintiff

### REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd #31235-49
Attorney for Plaintiff

Amber K. Boyd #31235-49
Amber Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416